**Law Office of Patrick Mause, PLLC**

Patrick W. Mause
250 North Meyer
Tucson, Arizona 85701
State Bar No. 24269
520.618.2530
520.622.7967 (Fax)
EMail: Patrick@PMauseLaw.com

Attorney for Plaintiff Daniel Gorosave

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Gorosave,<br><br>                              Plaintiff,<br><br>        vs.<br><br>Life Insurance Company of North America, a Pennsylvania company; Ricoh Production Print Solutions LLC Long Term Disability Plan, an ERISA-Governed Benefit Plan; Ricoh Production Print Solutions, LLC, a foreign company,<br><br>                              Defendants. | Case No.<br><br>**COMPLAINT** |

For his Complaint, plaintiff Daniel Gorosave ("Plaintiff"), alleges as follows:

**Parties, Venue, and Jurisdiction:**

1. Plaintiff was a resident of Pima County, State of Arizona at the times relevant to this Complaint.

2. Life Insurance Company of North America ("LINA") is a Pennsylvania corporation authorized to do business and doing business in Arizona.

3. Upon information and belief, defendant Ricoh Production Print Solutions LLC Long Term Disability Plan (the "LTD Plan") is an ERISA-governed disability benefit plan.

1

1   4. Upon information and belief, defendant Ricoh Production Print Solutions LLC ("Ricoh") is a Delaware limited liability company authorized to do business, and doing business in Pima County, Arizona.

5. Plaintiff's claim is for long-term disability (LTD) benefits, and other benefits to which he may be entitled, and which were provided under his employer's ERISA-governed benefits plan.

6. The Court has jurisdiction under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq*.

7. Venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391.

**Background:**

8. Mr. Gorosave began work for Ricoh in 1977.

9. Through his employment, Mr. Gorosave was covered under Ricoh's benefit plan, which provided, among other things, short-term disability (STD) and long-term disability (LTD) benefits. Both the STD and LTD plans are administered and/or insured by defendant LINA.

10. More than thirty-five years after beginning work, Mr. Gorosave became unable to perform the material duties of his own occupation due to physical and psychological conditions.

11. Pursuant to Ricoh's employee benefit plan, Mr. Gorosave applied for STD benefits. The STD plan provides a maximum benefit period of 180 days of benefits.

12. LINA approved Mr. Gorosave's STD claim and paid Mr. Gorosave STD benefits through maximum benefit period, which expired on March 8, 2013.

13. Toward the end of the STD benefit period, LINA transitioned Mr. Gorosave's claim to an LTD claim handler to analyze his LTD claim.

14. On April 4, 2013, LINA informed Ricoh's benefits manager that it had denied Mr. Gorosave's LTD claim.

15. By letter dated April 8, 2013, LINA informed Mr. Gorosave that it had denied his LTD claim.

16. On May 3, 2013, Ricoh's benefits manager provided LINA with additional information regarding the physical demands of Mr. Gorosave's occupation.

17. On July 8, 2013, Ricoh's benefits manager contacted LINA by e-mail, writing: "When we chatted the last week of June, Dan's [Gorosave's] file had gone to the nurse for final review. I'm hopeful, in spite of last week's holiday, that the review has been completed and we positively know the outcome and, *if denied as expected*, the new appeal date. I have a weekly meeting with HR tomorrow and they are anxiously awaiting the information." (emphasis added).

18. On July 9, 2013, LINA informed Ricoh's benefit manager that it was denying Mr. Gorosave's LTD claim.

19. By letter dated July 10, 2013, LINA informed Mr. Gorosave that it had denied his LTD claim.

20. By letter faxed and mailed October 8, 2013, Mr. Gorosave timely appealed LINA's decision denying his LTD claim.

21. With his appeal, Mr. Gorosave provide LINA with extensive evidence confirming his ongoing disability, including among other things a May 21, 2013 Notice of Award from the Social Security Administration (SSA), approving Mr. Gorosave's Social Security Disability Insurance (SSDI) claim.

22. To receive SSDI benefits, a claimant must be unable "to engage in any substantial gainful activity." 42 U.S.C. 423(d)(1)(A).

23. Pursuant to ERISA, 29 C.F.R. § 2560.503-1(i)(3)(i), and pursuant to the LTD Plan terms, LINA has forty-five days from the date it receives an appeal to make a decision on the appeal.

24. Pursuant to ERISA, 29 C.F.R. § 2560.503-1(i)(3)(i), and pursuant to the LTD Plan terms, if special circumstances occur and LINA is unable to make a decision

1   within the initial forty-five day period, it may extend its decision deadline by an
2   additional forty-five days.  To extend its decision deadline by an additional forty-five
3   days, LINA was required to notify Mr. Gorosave in writing of the special circumstances
4   warranting the extension.
5   	25.	LINA failed to make a decision on Mr. Gorosave's appeal within forty-five
6   days of his appeal.
7   	26.	LINA failed to notify Mr. Gorosave that it was extending its forty-five
8   deadline by an additional forty-five days due to special circumstances.
9   	27.	LINA failed to make a final decision on Mr. Gorosave's appeal within
10  ninety days of his appeal.
11  	28.	LINA has failed to make a final decision on Mr. Gorosave's LTD appeal.
12  	29.	Pursuant to ERISA, because LINA failed to make a final decision on Mr.
13  Gorosave's LTD appeal within the deadlines prescribed by ERISA, Mr. Gorosave is
14  deemed to have exhausted the administrative remedies available under the plan.  29
15  C.F.R. § 2560.503-1(l) ("In the case of the failure of a plan to establish or follow claims
16  procedures consistent with the requirements of this section, a claimant shall be deemed to
17  have exhausted the administrative remedies available under the plan and shall be entitled
18  to pursue any available remedies under section 502(a) of the Act on the basis that the plan
19  has failed to provide a reasonable claims procedure that would yield a decision on the
20  merits of the claim.").
21  	30.	Mr. Gorosave's claim for LTD Plan benefits is ripe.
22  	31.	Because LINA failed to make a final decision on Mr. Gorosave's LTD
23  appeal within the deadlines prescribed by ERISA, Mr. Gorosave is entitled to *de novo*
24  review of his LTD claim. *Jebian v. Hewlett-Packard Co. Employee Benefits Organization*
25  *Income Protection Plan*, 349 F.3d 1098, 1103 (9th Cir. 2003).
26
27
28

**Claims For Benefits Under ERISA**

32. Mr. Gorosave was, and remains totally disabled and entitled to LTD benefits.

33. Under the *de novo* standard or review, LINA's decision denying Mr. Gorosave's LTD claim was erroneous, contrary to the plan terms, and contrary to the medical evidence.

34. Even if the abuse of discretion standard were to apply to Mr. Gorosave's LTD claim, LINA abused its discretion because its decision denying Mr. Gorosave's disability benefits was arbitrary and capricious and was caused or influenced by LINA's and its reviewing physicians' inherent financial conflicts of interest. This conflict of interest precluded the full and fair review required by ERISA, 29 U.S.C. 1133(2) and 29 C.F.R. § 2560.503-1(g)(1) and (h)(2).

35. Mr. Gorosave has been injured and suffered damages in the form of lost LTD benefits as a result of LINA's wrongful decision to deny his disability benefits.

36. Mr. Gorosave has been damages by LINA's failure to comply with its ERISA-imposed and Plan-imposed deadlines for making a final decision.

37. Mr. Gorosave has further been injured and suffered damages by losing other benefits to which he may have been entitled under his employer's ERISA-governed benefits plan.

38. Pursuant to ERISA, 29 U.S.C. § 1132, Mr. Gorosave is entitled to recover unpaid disability benefits, prejudgment interest, reasonable attorney's fees, and costs from defendants LINA and the Plan.

WHEREFORE, Plaintiff Daniel Gorosave prays for judgment as follows:

A. For long-term disability benefits due under the Plan;

B. For any other benefits Mr. Gorosave may be entitled to receive under his employer's ERISA benefits plan due to his disability;

C. For prejudgment interest;

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

D. For attorney's fees and costs incurred as a result of prosecuting this suit pursuant to 29 U.S.C. § 1132(g); and

E. For such other relief as the Court deems just and proper.

DATED this 16th day of January, 2014.

                    LAW OFFICE OF PATRICK MAUSE, PLLC

                    By  s/ Patrick W. Mause
                          Patrick W. Mause
                          Attorney for Plaintiff